**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADAM HAWTHORNE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>C/O GRINER, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:13-cv-0464-RCJ-VPC<br><br>**<u>ORDER</u>** |

　　　Plaintiff, who is prisoner at Warm Springs Correctional Center moves the Court to reconsider its dismissal of his Civil Rights Complaint (ECF No. 5). The complaint was dismissed because it was untimely filed and failed to state a claim.

　　　Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549,

1  549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)
2  (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).
3        Plaintiff argues reconsideration is warranted because he is a layman in the law and he should
4  have been allowed to amend his complaint. He further argues that his "original case" fell within the
5  statute of limitations. He does not identify the "original case" and this action was dismissed based on
6  the original complaint which was submitted for filing on August 29, 2013. Plaintiff does not identify
7  provision in the law supporting for his request for reconsideration.
8        Plaintiff's arguments do not meet the "highly unusual circumstances" standard of Rule 59(e).
9  He does not provide newly discovered evidence and no clear error is noted. An opportunity to amend
10 would not cure the passage of time. Neither has plaintiff identified any basis under Rule 60(b) which
11 warrants reversal. The motion for reconsideration (ECF No. 5) is **DENIED**.
12       **IT IS SO ORDERED**.

_____
UNITED STATES CHIEF DISTRICT JUDGE
Dated this 22nd day of October, 2013.